For the reasons stated, I would reverse.

---

STATE OF IOWA, Appellee, v. JOHN MONROE, Appellant, et al.

LARCENY: Value. The amount paid for an article is competent evidence of its value, and the owner is a competent witness to so testify. So held where a new article had been purchased two days prior to the theft.

*Appeal from. Woodbury District Court.*—J. W. ANDERSON, Judge.

NOVEMBER 1, 1920.

THE defendant John Monroe was indicted jointly with another for grand larceny, in that they jointly stole a suit of clothes, of the value of $50. The defendant John Monroe has appealed.—*Affirmed.*

*C. R. Metcalfe,* for appellant.

*O. T. Naglestad* and *O. D. Nickle,* for appellee.

EVANS, J.—The offense charged was alleged to have been committed at Sioux City. The defendant and another, acting jointly, took and carried away a package from the automobile of another. This package contained a suit of clothes. The act of taking was witnessed by an officer, who pursued the parties and arrested them while the package was in their possession. The defendant was a witness in his own behalf, and admitted the taking of the package. His plea of excuse was that he was hungry, and that he had hoped that the package contained food. He was 17

years of age, and his home was in Kansas City. The main contention made in his behalf was that he had no intention to steal clothing, but to take food only, to satisfy his hunger. Why the defendant should have mistaken a suit of clothes for a means to satisfy his hunger is not explained. Nor is there any attempt to deny an intent to steal, on the part of the defendant. Disappointment in the result is all that is pleaded in his behalf.

One error assigned is that there was no competent evidence that the value of the clothes exceeded $20. The owner of the suit testified that he had purchased the same two days before, and had paid $50 therefor, and that he had worn the same one day only. This witness, therefore, fixed the value of the suit at $50. As against this, the defendant introduced as a witness a secondhand dealer, who testified that a secondhand suit of that kind was worth only $10 or $12, this being the amount that he, as a secondhand dealer, would pay therefor. The jury was amply warranted in finding the higher value, as testified to by the owner of the suit. There is no merit in the claim of the appellant that the owner of the suit was not a competent witness of value; nor is there any merit in the claim that the amount paid for the suit is no evidence of the market value thereof. This is the principal contention presented by appellant. We find no error on the part of the court in alleged remarks made by the court in ruling upon evidence.

The defendant was committed to the industrial school at Eldora. This was the appropriate judgment, in view of his age. We find no error in the record, and the judgment is—*Affirmed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.